# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Elijah Bonneau,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Civil Action No. 5:16-cv-0118-TLW<br><br>**ORDER** |

　　　　This social security matter is before the Court on Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) and Local Civil Rule 83.VII.07. ECF No. 28. Initially, Plaintiff filed this action seeking review of the Commissioner's decision denying her disability claim. ECF No. 1. However, the Commissioner filed a Motion asking the court to enter a judgement of reversal and remanding the proceedings back to the Commissioner. ECF No. 18. Plaintiff consented to the motion, and the Court issued an order granting the Motion to Remand. ECF No. 21.

　　　　Plaintiff then filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), seeking reimbursement for attorney's fees in the amount of $2,175.35. ECF No. 24. The Commissioner did not object to Plaintiff's request for EAJA attorney's fees, ECF No. 25, and the Court granted the Motion for Attorney's Fees Pursuant to the EAJA. ECF No. 27.

　　　　After the Social Security Administration ("SSA") issued a Notice of Award to Plaintiff, indicating her past due benefits, ECF No. 28-2 at 1-4, Plaintiff filed the present motion seeking to recover $13,692.50 in attorney's fees based on 25% of the total retroactive benefits awarded. ECF No. 28. Plaintiff's motion and supporting memorandum cites relevant case law, details the calculation of an award of fees, and incorporates a fee agreement with Plaintiff's counsel.

ECF Nos. 28-1, 28-3. As required by 42 U.S.C. § 406(b), the amount requested by counsel is not greater than 25% of the past-due benefits recovered by Plaintiff. The Court finds the motion and supporting memorandum persuasive in light of the relevant case law cited. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002); *Mudd v. Barnhart*, 418 F.3d 424 (4th Cir. 2005); *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013); *Claypool v. Barnhart*, 294 F. Supp. 2d 829 (S.D.W. Va. 2003). The Court also notes that the Commissioner "does not object to Plaintiff's motion for attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b)." ECF No. 30.

The Court has reviewed the motion, counsel's fee petition, and the accompanying fee agreement. After careful review, the Court finds that the request for fees pursuant to § 406(b) is reasonable. Accordingly, Plaintiff's Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), ECF No. 28, is hereby **GRANTED** in the amount of $13,692.50. Also, because Plaintiff's attorney was previously awarded attorney's fees in this action under the EAJA, the previous EAJA award of $2,175.35 must be refunded to Plaintiff pursuant to *Gisbrecht*, 535 U.S. at 796. Therefore, counsel's award of $13,692.50 should be offset by $2,175.35, and that amount of $2,175.35 should be refunded to the Plaintiff.

**IT IS SO ORDERED**.

s/Terry L. Wooten  
Terry L. Wooten  
Senior United States District Judge

April 24, 2019  
Columbia, South Carolina